IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEROME J. JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv169-WKW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jerome G. Jacobs (Jacobs) applied for Disability Insurance Benefits under Title II of the Social Security Act ("the Act"), and supplemental security income under Title XVI of the Social Security Act (Tr. 54-56; 170-177), *see* 42 U.S.C. §§ 401 *et. s*eq., 1381 *et, seq.*, alleging that he was unable to work because of a disability.

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS the Court AFFIRM the Commissioner's decision.

**I.   INTRODUCTION**

On 30 March 2005, Jacobs filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Jacobs's application was denied at the initial administrative level. Jacobs then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social

Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under Section 1631(c)(3) of the Act.  42 U.S.C. § 1383(c)(3).

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). This Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

**III.   ISSUE**

   *A.   Introduction*

Jacobs was forty-two years old on the alleged disability onset date. (Tr. 17). Jacobs completed the eighth grade (Tr. 183) and is able to communicate in English. (Tr. 17). Jacobs's prior relevant work experience includes: truck driver; appliance servicer; and driver sales router. (Tr. 17).

Following the administrative hearing, the ALJ concluded Jacobs had the severe impairment of osteoarthritis of the bilateral hips and shoulders. (Tr. 14). The ALJ also found Jacobs's impairments did not meet or equal in severity impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ determined Jacobs retained the residual functioning capacity to perform sedentary exertional work with work permitting a thirty to sixty minute sit/stand option. *Id*. The ALJ also determined that while Jacobs could not perform past relevant work, there were jobs that exist in significant numbers in the national economy which Jacobs can perform. *Id*. Therefore, the ALJ determined Jacobs was not disabled within the meaning of the Social Security Act from 30 July 2004 through the date of the decision. (Tr. 18).

   *B.   Jacobs's Claims*

Jacobs presents two issues for review. First, he argues the ALJ erred when he failed to afford probative value to the opinion of a "group of doctors designated by him." (Doc. #17 at 3). Second, Jacobs argues "realistically no one from the jobs listed would hire

claimant with this health liability." *Id*.

## IV.  DISCUSSION

Jacobs's brief is brief, to say the least, and it says the least of nearly any brief. Three pages in length, including the certificate of service, Jacobs's brief, after setting forth the applicable law,[3] "concludes" with two paragraphs summarizing medical findings by doctors Ross Clifton, Gwendolyn Claussen, and Sam Banner, and the following argument:

> The defendant erred in affording probative value to opinions by a group of Doctors designated by him including but not limited to: Dr. James Owen, Dr. Shin Oh, Dr. Sam Banner, Dr. Ross Clifton and Dr. Gwendolyn Claussen that found evidence to make the condition credible. The uncontradicted medical evidence submitted by these medical doctors shows that the Plaintiff was disabled within the meaning of the Social Security Act, as amended, at least from July 30, 2004 and realistically no one from the jobs listed would hire claimant with this health liability.

(Doc. #17 at 3).

First, these two sentences are not reconcilable with Jacobs's position that the ALJ erred. If the uncontradicted medical evidence submitted by the above named doctors did show that Jacobs was disabled, then to argue the ALJ was in error by affording probative value to their opinions makes no sense. It would appear Jacobs meant to argue the ALJ erred by *not* affording the doctors' opinions probative value.

Second, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put

---

[3] The "Applicable Law" section of Jacobs brief appears to be a very close reproduction of the "Applicable Law" section of the ALJ's decision. (*See* Tr. 12-13).

flesh on its bones. [] Judges are not expected to be mindreaders.  Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace."  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal quotations omitted).  Jacobs does not explain how the uncontradicted medical opinions of these doctors show he was disabled.

"[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*quoting Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  The ALJ considered the medical testimony of the above mentioned doctors and did afford them probative value.[4]

Jacobs specifically points this Court to the reports from doctors Clifton, Claussen, and Banner. While the ALJ noted that doctors Clifton, Claussen, and Banner diagnosed and treated Jacobs for impairments, he also noted "[t]here is no treating or examining physician that opined claimant would be precluded from performing work activity at all exertional levels from a physical stand point." (Tr. 16).  Indeed, the ALJ references the findings of all of the doctors and determined "[t]he medical evidence shows that the claimant does have

---

[4] As the Commissioner correctly points out, the record is devoid of Dr. Shin Oh's opinions, and Jacobs's hearing representative confirmed that the record was complete.  (Tr. 181). The ALJ went one step further and reminded Jacobs of the importance of medical records to his case.  (Tr. 182).  The ALJ could not have erred in failing to assign probative value to Dr. Shin Oh's opinions if his opinion was never put before the ALJ, as it is Jacobs's burden to produce evidence in support of his disability claim. *McCloud v. Barnhart*, 166 F. A'ppx 410, 417 (11th Cir. 2006) (citing *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003).

medically determinable impairments, but the full record does not support his allegations of total disability." (Tr. 16).

Jacobs's position is that if the ALJ had afforded the doctors' opinions probative value, then he would have determined Jacobs was disabled within the meaning of the Act. However, none of the doctors' findings support a determination of disabled.

While Dr. Clifton diagnosed Jacobs with chronic degenerative disc disease, he also conducted a MRI, EMG, and NCS, which were negative and showed no sign of electrophysiological evidence of active lumbar radiculopathy. (Tr. 15). While Dr. Claussen treated Jacobs with an epidural injection, she also noted Jacobs's gait was normal and the MRI of his pelvis was negative. She also noted Jacobs's nerve conduction, which showed some irritation, was otherwise unremarkable. (Tr. 15, 126). Finally, while Dr. Banner stated that Jacobs would need long term medical care, there was no statement by Dr. Banner, nor any other treating or examining doctor, that Jacobs could not work. The record supports the ALJ's determination that "there is no basis to conclude that Jacobs's medical physical condition precludes all gainful work activity." (Tr. 17).

Third, to the extent Jacobs is attempting to argue the ALJ erred in determining Jacobs could perform work in the fields of surveillance monitor, parking booth cashier, gate guard, and service dispatcher, the Court disagrees. Once the ALJ determined Jacobs was unable to do past relevant work, he properly proceeded to the fifth step of the evaluation process to determine if Jacobs had the residual functional capacity to perform sedentary work. The ALJ

determined Jacobs's ability to perform the full range of sedentary work was limited, so he asked a vocational expert whether "jobs exist in the national economy for an individual of claimant's age, education, past relevant work experience and residual functional capacity as determined." (Tr. 18). The vocational expert determined there were jobs Jacobs could perform in the fields of surveillance monitor, parking booth cashier, gate guard, and service dispatcher, and these jobs existed in significant numbers in the national economy. (Tr. 200).

Thus, the ALJ properly, through the use of a vocational expert, *see Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996), articulated specific jobs Jacobs could perform, *see Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989), and his finding was supported by substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").[5]

## V. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the Court AFFIRM the Commissioner's decision. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 20 March 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

---

[5] The ALJ asked the vocational expert, that after finding Jacobs with "posterial [phonetic] restrictions," limited to lighter work activities, and requirements that he alternate standing and sitting every thirty to sixty minutes, if the vocational expert could identify light sedentary jobs that would fit the profile given Jacobs's age and educational background. (Tr. 200).

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 7th day of March, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE